FILED
JAMES BONINI
CLERK

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF OHIO

2009 NOV 13 P 3: 51

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

| | | |
|---|---|---|
| THE TRADESMEN GROUP, INC.<br>6543 Commerce Parkway<br>Dublin, OH 43017, | ) <br> ) <br> ) | Case No. **2 : 09 cv 1 0 3 2** |
| and | ) | |
| MELISSA WEST,<br>7628 Tonti Drive<br>Dublin, OH 43016 | ) <br> ) <br> ) | **JUDGE FROST** |
| Plaintiffs, | ) | **MAGISTRATE JUDGE KEMP** |
| v. | ) | |
| HEIDI CECIL<br>1710 W. State Route 60<br>Plant City, FL 33567, | ) <br> ) <br> ) | |
| and | ) | **JURY DEMANDED** |
| RICHARD CECIL<br>1710 W. State Route 60<br>Plant City, FL 33567, | ) <br> ) | |

## COMPLAINT

1.    Plaintiff The Tradesmen Group, Inc.. ("Tradesmen") is a corporation engaged in building repair and restoration that is organized under the laws of the State of Ohio.   Its principal place of business is in Franklin County, Ohio.  A large portion of The Tradesmen Group's contracts are within the State of Ohio.

2.    Plaintiff Melissa West is a shareholder and officer of The Tradesmen Group, Inc. who primarily resides in Franklin County, Ohio.

3.    Defendants Heidi Cecil and Richard Cecil (the "Defendants") are individual residents of the State of Florida.  They are married to one another.

4.     This is an action to collect a debt in excess of $75,000.

5.     This court has subject matter jurisdiction over this action between residents of different states.  28 U.S.C. § 1332.

6.     Defendants transacted business in Columbus, Ohio, and this action arises out of business Defendants transacted in Columbus, Ohio.

7.     In order to obtain a loan on favorable terms, Defendants purposefully availed themselves of the privilege of doing business in Ohio, by travelling to Ohio to negotiate with an Ohio corporation.

8.     The result of those negotiations is the loan agreement that is the subject matter of this action.

9.     Defendant Heidi Cecil previously loaned money to Plaintiff the Tradesmen Group, which amounts the Tradesmen Group has repaid in full according to those agreements. Defendant Heidi Cecil earned a substantial return on that loan.

10.     Defendants have substantial, purposeful and ongoing contacts with the State of Ohio sufficient to subject them to this Court's jurisdiction.

11.     This court has *in personam* jurisdiction over Defendants for this action.  Fed.R. Civ.P. 4; Ohio Rev. Code § 2307.382(A)(1).

12.     In February, 2009, Heidi Cecil visited the residence of Melissa West in Ohio (the "Visit").

13.     During the Visit, Heidi Cecil asked Melissa West for a loan of $100,000 to be repaid in September, 2009 at the latest.

14.     Melissa West agreed to loan Heidi Cecil and Richard Cecil $100,000 of funds belonging to Tradesmen to be repaid in September, 2009 "at the latest."

2

15.     At the request of Heidi Cecil, to carry out the loan agreement, Melissa West withdrew funds from a Tradesmen account at a Chase bank branch in Columbus, Ohio on or about February 20, 2009.

16.     To carry out the loan agreement, Melissa West established a joint checking account (the "Joint Checking Account") in the name of herself and Heidi Cecil and deposited $100,000 into the Joint Checking Account.

17.     Heidi Cecil withdrew $100,000 from the Joint Checking Account on or about March 2, 2009.

18.     Exhibit A, a copy of the withdrawal ticket by which Heidi Cecil obtained the $100,000 principal of the loan, is attached hereto and incorporated herein.  (The account number has been redacted.)

19.     As the husband of Heidi Cecil, defendant Richard Cecil has received, possessed or enjoyed all or part of the loan principal.  Richard Cecil knew or had reason to know of the source of the loan principal and the terms of the loan.

20.     Exhibit B, e-mail correspondence between Defendant Heidi Cecil and Tradesmen officers Drew West and Melissa West discussing the loan, is attached hereto and incorporated herein.  The correspondence contains the essential terms of the agreement: the amount of the loan and the time for repayment.  It is signed with the electronic signature "Heidi", indicating Defendant Heidi Cecil, and sent from an e-mail address identifying the sender as Defendant Heidi Cecil.

21.     Plaintiffs demanded from Defendants repayment of the loan principal.

22.     Defendants did not repay any part of the loan on or before September 30, 2009.
Defendants have not repaid any part of the loan principal.  On information and belief,
Defendants are able to repay the loan principal and have chosen not to.

23.     As a result of the foregoing, the sum of $100,000 is due and owing from
Defendants to Melissa West and the Tradesmen Group.

### COUNT I: RECOVERY OF A SUM CERTAIN

24.     Plaintiffs re-allege and incorporate the foregoing allegations.

25.     Defendants owe Plaintiffs $100,000 for money lent by Plaintiffs to Defendants on
or about March 2, 2009.

### COUNT II: BREACH OF CONTRACT

26.     Plaintiffs re-allege and incorporate the foregoing allegations.

27.     A contract existed between Plaintiffs and Defendants for Plaintiffs to loan
$100,000 to Defendants and Defendants to repay that amount no later than September, 2009.

28.     Plaintiffs performed the agreement by transferring $100,000 to Defendants.

29.     Defendants breached the agreement by failing to repay the $100,000 no later than
September, 2009.

30.     Defendants' breach has harmed Plaintiffs in the amount of $100,000 plus interest
and costs.

### COUNT III: PROMISSORY ESTOPPEL

31.     Plaintiffs re-allege and incorporate the foregoing allegations.

32.     Defendants promised to repay the $100,000 no later than September, 2009.

33.     Defendants reasonably expected or should have reasonably expected their promise of repayment no later than September, 2009 to induce Plaintiffs to transfer $100,000 to Defendants.

34.     Defendants' promise of repayment no later than September, 2009 induced Plaintiffs to transfer $100,000 to Defendants.

35.     Plaintiffs relied on Defendants' promise to repay the $100,000 no later than September, 2009 in deciding to transfer $100,000 to Plaintiffs.

36.     Defendants are unjustly enriched.

37.     Justice requires enforcement of Defendants' promise to repay the $100,000.

38.     Justice requires that Defendants pay reasonable interest on the sum of $100,000 from October 1, 2009 until the sum is repaid.

WHEREFORE, Plaintiffs demand judgment against Defendants for $100,000, plus interest and costs, a declaration of rights and responsibilities of the parties, and such other and further legal and equitable relief as this Court may deem appropriate.

Respectfully submitted,

Michael F. Copley (0033796)
Kenley S. Maddux (0082786)
**The Copley Law Firm, LLC**
1015 Cole Road
Galloway, Ohio 43119
Ph: (614) 853-3790
Fx: (614) 467-2000
mcopley@copleylawfirmllc.com
kmaddux@ copleylawfirmllc.com

5

## JURY DEMAND

Plaintiffs Melissa West and The Tradesmen Group, Inc. hereby demand and request trial by jury on all issues so triable.

Respectfully submitted,

Michael F. Copley (0033796)
Kenley S. Maddux (0082786)
**The Copley Law Firm, LLC**
1015 Cole Road
Galloway, Ohio 43119
Ph: (614) 853-3790
Fx: (614) 467-2000
mcopley@copleylawfirmllc.com
kmaddux@ copleylawfirmllc.com